UNITED STATES of America,
Plaintiff-Appellee,

v.

Francis LeFeure NAPIER, Defendant-
Appellant.

No. 30925

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1971.

Alan R. Schwartz, Mallory H. Horton, Miami, Fla., for defendant-appellant; Horton & Schwartz, Miami, Fla., of counsel.

Robert W. Rust, U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

Francis LeFeure Napier appeals from a judgment of conviction and a seven year prison sentence after having been found guilty of a conspiracy to buy, sell, and facilitate the transportation, concealment and sale of marijuana subse-

* [1]  Rule 18, 5th Cir.;  see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

quent to its illegal importation into the United States, 21 U.S.C., § 176a.

For the reasons hereinafter stated, the judgment of conviction is vacated and the case will be remanded to the District Court for further hearing and findings in conformity herewith.

In November, 1969, one Peter Milisci arranged for the illegal importation of a large quantity of marijuana into the United States from Jamaica. In order to secure a buyer for his product, he enlisted the aid of one Aaron Adirim, who, in turn, sought out and received the aid of Napier, then an inspector for the City of Miami Police Department. Napier proceeded to enlist the aid of one Vincent Hannard in the effort to find a buyer for the marijuana.

Soon after his entry upon the conspiracy, Hannard went to the Bureau of Customs, divulged the conspiracy, and agreed to act as an informer against the conspirators.

In the course of his role as an informant, Hannard, along with City of Miami police officers, recorded many incriminating telephone conversations between himself and Napier.

Soon after the indictment was returned, Napier moved to compel a psychiatric examination of Hannard. Hannard testified at the hearing, followed by a psychiatrist who had examined him. The trial judge also inspected, in camera, Hannard's Veterans Administration Hospital mental records. The defendant's motion was denied on the ground that no further examination of Hannard was necessary to determine his incompetency to take the stand as a witness.

Napier then filed a second motion to suppress the recordings, alleging that Hannard did not have the requisite mental capacity to consent to the recording of the telephone conversations. This motion was denied.

After one mistrial, a second trial was held, where the recordings were admitted into evidence, despite the attempts of the defendant, made both before and during the trial, to exclude them. The second trial resulted in the verdict of guilty and the sentence here involved.

The interception and recordation of the telephone conversations between Napier and Hannard were permissible only if Hannard consented to it, 47 U.S.C., § 605; Rathbun v. United States, 1957, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134.

We have searched the record in vain for a specific finding by the District Court that Hannard, in fact, did have the capacity to consent and did consent to the recordations at the time he allowed them to be made.

The only evidence bearing on this issue is the statement of the District Court made in connection with his holding that Hannard was mentally incompetent to testify as a witness in the trial. In that statement, the District Court said, "The man was incompetent to testify, he has a long history as indicated in all of these records. If he had testified, he would have made a shambles of this trial".

There is no argument that the evidence as admitted was insufficient to convict. Neither is it denied that these recordings constituted the "guts of the government's case". Under these circumstances, we must vacate the judgment of conviction and remand the case to the District Court with directions to hold a full evidentiary hearing on the capacity of Hannard to consent to the interception and recordation of these telephone conversations. This Court has most recently discussed the problem of the effect of mental capacity on the ability to consent in United States v. Elrod & Wright, 5 Cir., 1971, 441 F.2d 353. As that opinion points out, the burden of proving mental capacity and voluntary consent is on the Government. If the evidence establishes such capacity and accompanying consent then Napier will again be sentenced according to law upon the jury verdict previously rendered. If the evidence fails to establish

such consent, then Napier must be awarded a new trial.[1]

Vacated and remanded, with directions.

---

1. For cases dealing with the action of government agents in overhearing and recording non-telephonic conversations between informants and defendants see United States v. White, 1971, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453; Koran v. United States, 5 Cir., 1969, 408 F.2d 1321; Dancy v. United States, 5 Cir., 1968, 390 F.2d 370. *Koran* also involved telephone conversations recorded by the individual receiving the call.