**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-50120

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES CLAYTON DUKES,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas

April 16, 1998

Before KING, BARKSDALE and PARKER, Circuit Judges.
ROBERT M. PARKER, Circuit Judge:

Defendant-Appellant James Clayton Dukes ("Dukes") appeals his conviction after jury trial on a three count indictment for 1) aiding and abetting distribution of cocaine base within one thousand feet of a school (a violation of 21 U.S.C. §§ 841(a)(1) & 860), 2) possessing with intent to distribute cocaine base (a violation of 21 U.S.C. § 841(a)(1)), and 3) conspiring to distribute and possess with intent to distribute cocaine base within one thousand feet of a school (a violation of 21 U.S.C. §§

1

846 & 860). Dukes was sentenced to three concurrent 168 month prison terms, supervised release and $650 in monetary sanctions. We affirm.

**FACTS**

In February 1994, undercover law enforcement authorities were investigating the drug distribution activities of Robert Long. Long was not cooperating, but was the target of the investigation. Long accompanied an undercover agent to Camelot Apartments and purchased some drugs. The undercover officers did not observe from which apartment Long procured the drugs, but concluded that it was apartment number 1107 (or perhaps one in that vicinity). Dukes leased apartment 1107 at that time. Long was later arrested and agreed to cooperate with authorities. He identified Dukes as his supplier. Agents set up two controlled buys between Long and Dukes. In the first one, on September 22, 1994, a third party brought the drugs to sell to Long, and Dukes kept a $50 cut out of the transaction. Long had been fitted with a transmitting device that allowed agents to listen to and record the transaction. On the second attempt, on October 7, 1994, no drug sale was consummated. After that sale fell through, there was a high speed chase, during which Dukes threw a package of cocaine base out of the passenger window of a car. His arrest followed, after which Dukes made a statement that he knew there was crack in the car, that the crack belonged to the driver, and that Dukes threw it out on instructions from the driver.

**MOTION TO SUPPRESS**

Dukes challenges the trial court's denial of his motion to suppress the tape recording of the controlled drug buy. We must affirm a trial court's ruling on a motion to suppress unless, viewing the evidence in the light most favorable to the prevailing party, we determine that it is clearly erroneous or influenced by an incorrect view of the law. *See United States v. Muniz-Melchor*, 894 F.2d 1430, 1433-1434 (5th Cir. 1990).

Dukes moved to suppress the tapes and transcripts of the conversations picked up over the wire Long wore during the September 22, 1994 controlled buy. He argued, *inter alia*, that Long's chronic abuse of cocaine had rendered him incompetent to voluntarily consent to the monitoring of his conversations, and that the tapes were of such poor quality that they were almost entirely unintelligible. The trial court initially announced that it could not understand what was said on the recording, and would not admit the recording into evidence. Later, the trial court held a second hearing on the motion, took the question under advisement and just prior to trial, denied the motion to suppress finding that the recording was sufficiently intelligible and that it constituted probative evidence. Further, the trial court found that Long gave knowing and voluntary consent. The trial court rejected Dukes's allegation that Long was so addicted to drugs that he lacked capacity to consent based on documents and testimony that indicated that Long was drug free prior to, during and after the September 22, 1994 buy.

3

a. Consent

In order to give valid consent, the person consenting to the recording of his conversations must be mentally competent to understand the nature of his act. *See United States v. Elrod*, 441 F.2d 353, 355 (5th Cir. 1971)(examining consent in the context of a warrantless search). Further, the act of consent must be "the consensual act of one who knew what he was doing and had a reasonable appreciation of the nature and significance of his actions." *Id.* Dukes contends that the district court clearly erred in denying Dukes the opportunity to prove Long's incompetence through a court ordered psychiatric evaluation and that the Government failed to carry its burden of proving that the consent was valid.

There is no precedent for allowing or requiring the district court to order a third party witness to submit to a psychiatric evaluation. *United States v. Napier*, 451 F.2d 552 (5th Cir. 1971), relied on by Dukes, concerns an examination of an informant-witness, but does not address the issue of whether the district court had the legal authority to order such an examination. Further, there is sufficient evidence in the record to support the trial court's finding that Long was competent to consent to the recording. Dukes calls our attention to instances of Long's lack of recall under cross examination. These isolated instances, when viewed in the context of the entire record, do not call the district court's finding of competency into question. We therefore cannot say that the district court's decision regarding Long's

4

competence was clearly erroneous or influenced by an incorrect view of the law.

b. Reliability of recordings and transcript

The tape recordings of the wire transmissions during the September 22, 1994 controlled buy were transcribed by a company under contract with the Drug Enforcement Administration ("DEA"). The transcriber noted that the tapes were flawed by "heavy static/background noise throughout." Further, at various places the notations "U.I." [for unintelligible] and "voices overlap" indicate that it was hard to understand the content of the tape recorded conversations. "[P]oor quality and partial unintelligibility do not render tapes inadmissible unless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy." *United States v. Stone*, 960 F.2d 426, 436 (5th Cir. 1992). The determination of trustworthiness of a tape recording is left to the sound discretion of the trial judge. *Id.*

On reviewing the record, we have determined that the district court's finding that the tape recording was sufficiently intelligible to be probative was not clearly erroneous.

**AMBIGUITY OF 21 U.S.C. § 841 AND THE SENTENCING GUIDELINES**

The indictment charged Dukes with violating 21 U.S.C. § 841, which defines separate offenses for conduct involving cocaine and cocaine base, prescribing more severe punishment for offenses involving cocaine base. Dukes moved to dismiss the indictment alleging that the two substances are the same, the statute is

5

ambiguous and under the rule of lenity, he should be charged with the less severe offense, citing *Busic v. United States*, 446 U.S. 398, 406 (1980).  The district court overruled the motion without a hearing, holding that this issue had been resolved against Dukes by other appellate courts.

In *United States v. Flanagan*, 87 F.3d 121 (5th Cir. 1996), this Court considered an argument similar to the one raised by Dukes and rejected it.  Flanagan pleaded guilty to a cocaine distribution offense.  At sentencing, he argued that he "should be sentenced based on the penalty for powder cocaine, rather than the penalty for crack cocaine." *Id.* at 122.  In support of that position, he alleged that because the chemicals are indistinguishable, the penalty provisions for cocaine base and powder cocaine are ambiguous. *Id.* at 124.  This court in *Flanagan* rejected that argument, citing previous unpublished opinions and *United States v. Thomas*, 932 F.2d 1085, 1090 & n.1 (5th Cir. 1991)(stating "when cocaine is changed into cocaine base, it becomes a different chemical substance.") *Id.*  Dukes attempts to distinguish his position from that rejected in *Flanagan* arguing that, unlike Flanagan, he did not plead guilty to the cocaine base offense, and his challenge attacks § 841 rather than the sentencing guidelines.  Although we have never addressed the issue in the context of an ambiguity challenge to § 841, *Flanagan*'s rejection of the ambiguity challenge in the context of sentencing guidelines controls the issue.  We therefore hold that the distinction between powder cocaine and cocaine base made for purposes of a § 841

6

conviction is not flawed by ambiguity.

Dukes also contends that the district court erred in applying the sentencing guidelines for "cocaine base" rather than the guidelines for "cocaine" because cocaine base and cocaine are chemically the same substance. This argument is likewise foreclosed by *United States v. Flanagan*, 87 F.3d 121 (5th Cir. 1996).

## SELECTIVE PROSECUTION

Dukes moved to dismiss the indictment based on his claim that "selective" prosecution of African-Americans for crack cocaine (as opposed to prosecution of Anglo-Americans for "powder" cocaine offenses) is improper. The district court rejected his request because he failed to establish a prima facie violation.

In order to prevail on a selective prosecution claim, Dukes must show that other similarly-situated offenders were not prosecuted, and that the government chose to prosecute him in a particular manner merely because he is an African-American. *See United States v. Cooks*, 52 F.3d 101, 105 (5th Cir. 1995). Dukes argues on appeal that he was prevented from satisfying this two-part test because the district court denied his request to hire an expert. Again, Dukes's argument, based on the premise that there is no chemical difference between cocaine and cocaine base, is foreclosed by *United States v. Flanagan,* 87 F.3d 121, 123-24 (5th Cir. 1996). The inability to make even a colorable claim of selective prosecution bars his related requests for discovery and funds for an expert. *See United States v. Cooks*, 52 F.3d at 105.

7

**SUFFICIENCY OF THE EVIDENCE**

In the face of Dukes's challenges to the sufficiency of the evidence, this Court must examine the evidence in the light most favorable to the verdict and decide whether a rational trier of fact could have found all the essential elements of the offenses beyond a reasonable doubt. *See United States v. Ayala*, 887 F.2d 62, 67 (5th Cir. 1989).

a. Cocaine v. Cocaine base

Dukes contends that the evidence was insufficient to convict him for drug offenses involving cocaine base (as opposed to powder cocaine). Two government chemists testified that the substances they tested were cocaine base. Other witnesses testified that the substances were "crack" cocaine, as well. Dukes's parsing of the record to find instances where the evidence referred to "cocaine" instead of "cocaine base" at best creates a fact question for the jury. The evidence was sufficient to support the cocaine base versus cocaine element of the guilty verdict.

b. Aiding and abetting

Dukes argues that the evidence was insufficient to prove that he aided and abetted a person other than the government's informant. He claims the evidence is not sufficient to support a finding that he intended to help the other participants in the subject drug deals. In a related issue, Dukes contends that the evidence supports only a finding that he intended to assist the informant to receive the crack cocaine, not that he intended to help someone else deliver it. The elements of aiding and abetting

8

are: a person must have (1) associated with the criminal venture, (2) participated in the venture, and (3) sought by his action to make the venture succeed. *See United States v. Stone*, 960 F.2d 426, 433 (5th Cir. 1992). Dukes's defense at trial, as well as his position on appeal, is that he intended to help Long purchase drugs, that Long did not have the requisite mens rea to commit a crime because he was working as a government informant at the time of the transaction, and that there is insufficient evidence that Dukes intended to help the unidentified male who was the source for the drugs. However, the evidence showed that Long did not know the drug source, and but for Dukes's participation, that source would not have sold the drugs to Long. The evidence is therefore sufficient to support a guilty verdict on the issue of aiding and abetting the drug source, rather than Long.

Next Dukes contends that "distribution" means to deliver, but excludes "receipt" of drugs and that the evidence only supports a conclusion that Dukes intended to help Long receive cocaine. This argument fails as well because the evidence is sufficient to support a jury's conclusion that Dukes aided and abetted the drug source as well as Long.

c. Conspiracy

Count three of the indictment charged that from January 1, 1994 through October 7, 1994 and within 1000 feet of a public school, Dukes conspired with persons known and unknown to violate drug laws. Evidence was presented of specific drug transactions involving Dukes on February 11, 1994, September 22, 1994 and

October 7, 1994, which is sufficient to support a conspiracy within the time parameters set out in the indictment. Further, evidence was presented that the September 22 and October 7 transactions occurred at Dukes's apartment, which was within 1000 feet of a public school. Dukes's insufficiency argument is based on the premise that he did not conspire with anyone other than Long at his apartment. However, evidence was sufficient for a rational jury to conclude that Dukes conspired with his unidentified source of supply on September 22 and October 7. A person can be convicted for conspiring with unknown persons, if the indictment charges conspiracy with unknown persons and the evidence supports their existence and their complicity in the conspiracy. *See United States v. Price*, 869 F.2d 801, 804 (5th Cir 1989).

We therefore find no merit to any of Dukes's sufficiency arguments.

## JURY INSTRUCTIONS

A district court's refusal to give a requested jury instruction is reviewed under the abuse of discretion standard. *See United States v. Sellers*, 926 F.2d 410, 414 (5th Cir. 1991). When an instruction is challenged on appeal, this court determines whether "the court's charge, as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to the factual issues confronting them." *United States v. Stacey,* 896 F.2d 75, 77 (5th Cir. 1990).

a. Aiding and abetting instruction

Dukes submitted to the district court a proposed jury

10

instruction which included the following language:

> The fact that the defendant may have done something to help Robert Long acquire cocaine base does not mean he helped another person distribute cocaine base. The government must prove beyond a reasonable doubt that apart from any help or encouragement the defendant may have given Robert Long, he intentionally helped or encouraged another person to distribute cocaine base.

Dukes also requested, and was denied, an instruction that the jury consider only evidence of transfer, and not evidence of distribution because evidence of helping a person receive a controlled substance will not support a conviction for aiding a person to distribute that substance. *See United States v. Harold*, 531 F.2d 704 (5th Cir. 1976). In order for a defendant to be entitled to an instruction, "any evidence in support of a defensive theory must be sufficient for a reasonable jury to rule in favor of the defendant on that theory." *United States v. Stone*, 960 F.2d 426, 432 (5th Cir. 1992). In *Stone,* this Court held that a defendant was not entitled to a requested jury instruction where his "theory" of defense suggested the nonexistence of one element of the offense. *Id.* The Government argues that Dukes's theory of defense is that he did not aid the transfer of cocaine, which theory Dukes's counsel stressed in his final jury argument.

The refusal to give a requested jury instruction is reversible error if the instruction (1) was substantially correct, (2) was not substantially covered in the charge given to the jury, and (3) concerned an important issue so that the failure to give it seriously impaired the defendant's ability to present a given defense. *See Stone*, 960 F.2d at 432. Dukes's jury was instructed

11

that the government had the burden of proving each element, including "that the Defendant knowingly transferred or delivered a controlled substance," and that "distribute" is defined as "to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction." We find that the instruction given substantially covered the law, and failure to give Dukes's requested instruction did not seriously impair his ability to present his chosen defense.

b. Conspiracy instruction

The district court also denied Dukes's requested jury instruction emphasizing that he could not conspire with Long after Long became a government informant. The trial court noted that the evidence established that persons other than Long and Dukes participated in the conspiracy, including the unidentified seller in the September 22, 1994 transaction and the source in the October 7, 1994 transaction. Dukes's defense, that he did not conspire with anyone, was substantially covered by the instructions on the elements of a conspiracy offense and could have been adequately developed under the instructions given.

c. Weight of informant's testimony[1]

Dukes did not request a jury instruction regarding the fact that Long was a paid informant. Therefore, we employ the plain error standard of review. *See United States v. Lopez*, 923 F.2d 47,

---

[1]Dukes cites only one case to support his position -- *United States v. Bradfield*, 103 F.3d 1207 (5th Cir. 1997). That opinion has been withdrawn and replaced with an opinion that specifically declines to reach the paid informant issue. *See United States v. Bradfield*, 113 F.3d 525 (5th Cir. 1997).

49 (5th Cir. 1991).

The Government paid Long $50 on one occasion and $150 on another occasion. The trial court's instruction, unchallenged by Dukes, told the jury to consider Long's relationship with the Government and any other factor that could influence his testimony, but did not advise the jury that Long had received money for his services. Dukes takes the position that it was plain error for the trial court to fail to go further and instruct the jury to use caution in evaluating the credibility of a paid informant.

The Government takes the position that such an instruction was not necessary because the money paid to Long was reimbursement for his expenses incurred as a result of his cooperation and not payment for his services. Further, the instruction given was adequate to caution the jury concerning Long's possible bias.

The Fifth Circuit, sitting en banc in 1987, eliminated the longstanding per se rule (and its myriad exceptions) that an informant who was paid a contingency fee for the conviction of a pretargeted individual was not competent to testify. *See United States v. Cervantes-Pacheco*, 826 F.2d 310 (5th Cir. 1987). That case imposed restrictions on the admissibility of such testimony, including a requirement that the district court instruct the jury specifically on the suspect credibility of a compensated witness. *See id.* at 316.

There is no evidence in the record that would support the conclusion that Long was compensated on a contingent basis. However, even if Long was a compensated witness, this court need

13

not correct forfeited errors that do not affect the fairness, integrity and public reputation of the judicial process. *See United States v. Olano*, 507 U.S. 725, 732 (1993). The cautionary instructions given by the district court concerning Long's credibility are adequate to protect the truth seeking function of the jury. Therefore, even if the district court erred in failing to instruct the jury concerning the Government's payments to Long, we elect not to correct such error, because it did not affect Duke's substantial rights.

## DISCOVERY

Dukes argues that he was denied the opportunity to examine and test the cocaine base. The district court overruled Dukes's motion for an order requiring the Government to produce the drugs for inspection and testing, holding that the record established that the Government had fulfilled all of its discovery obligations to Dukes. We review alleged discovery violations under the abuse of discretion standard. *See United States v. Bullock*, 551 F.2d 1377, 1384 (5th Cir. 1977). An error in administering the discovery rules is not reversible absent a showing that the error was prejudicial to the substantial rights of the defendant. *Id.*

In its order denying Dukes's motion for new trial the trial court stated:

> [T]he Government unambiguously agreed to permit Dukes to test the cocaine base subject only to his compliance with Drug Enforcement Agency safekeeping procedures and offered to discuss with his counsel "the mechanics of how to do it." There is no record that Dukes ever attempted to comply with these relatively straightforward procedures or that he otherwise contested their applicability. Nor did he bring any issue in this regard

14

to the Court's attention during the following nine months preceding trial, other than to make generalized, non-specific requests for discovery. In these circumstances, any prejudice Dukes suffered was of his own making.

The Government does not dispute Dukes's right to inspect and test the evidence pursuant to Fed. R. Crim. P. 16(a)(1)(C). Rather, it contends that Dukes could have had the cocaine base tested had he complied with the DEA procedures for doing so. The record contains letters from the prosecutor to Dukes's counsel dated November 20, 1995 and January 31, 1996 advising him of the DEA's procedural requirements for having a chemist of defendant's choice independently test the controlled substance. There is no indication in the record that Dukes made any attempt to comply with the stated procedures. Therefore, the district court did not abuse its discretion regarding Dukes's right to inspect and test the cocaine base. Further, Dukes has not shown that the denial prejudiced his defense.

## CONCLUSION

For the foregoing reasons, we affirm Dukes's convictions and sentences.

AFFIRMED.