**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No.  98-60193

---

GEORGE T. CALLICUTT,

Plaintiff-Appellant,

VERSUS

PANOLA COUNTY JAIL, ET AL,

Defendants,

PANOLA COUNTY, JAIL; DAVID BRYANT, SHERIFF; JESSE LYONS; ROBERT AVANT; MIKE DARBY; WILLIAM T. WILSON; and JAMES L. TRAVIS,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Mississippi
(2:94-CV-72-S-B & 2:94-CV-129-B-B)

---

November 4, 1999

Before DUHÉ, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[1]

George T. Callicutt ("Callicutt") was confined at the Panola County Jail as a pretrial detainee from approximately March 21, 1993 until March 29, 1994.  Callicutt filed two separate suits in federal district court.  First he asserted a 42 U.S.C. § 1983 ("Section 1983") claim against the Panola County Jail, the Sheriff and two sheriff's deputies for deprivation of personal property.  The district court dismissed this claim and Callicutt does not

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal this dismissal. Callicutt also asserted a Section 1983 claim against the Panola County Jail ("the Jail"), the Sheriff and the Panola County Board of Supervisors ("the Defendants") regarding the conditions of confinement at the Jail. He alleged that the defendants were deliberately indifferent to his need for psychiatric care, that he was not provided access to a physician, the Jail trustees failed to give him his medication, and the Jail was unsanitary and lacked proper ventilation.[2]

The Defendants then moved to dismiss the complaint or, in the alternative, for summary judgment. Following a Spears hearing, the magistrate judge recommended that the motion for summary judgment be granted, finding that Callicutt had shown no issue of material fact regarding conditions of his confinement. The district court adopted the findings and conclusions of the magistrate judge, granted the motion for summary judgment, and dismissed the action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I). Callicutt contends pro se (1) that the Defendants' violation of a discovery order prejudiced him and impaired the magistrate's report and recommendation; and (2) that the district court erred in approving the magistrate judge's report and recommendation granting summary judgment to the Defendants.

### I. Discovery

We review discovery violations for abuse of discretion. U.S. v. Dukes, 139 F.3d 469, 476 (5th Cir. 1998). Callicutt's main

---

[2]He also lists a claim concerning grievance procedures, but does not brief it. We, therefore, do not consider it.

discovery dispute concerns a letter which may have been written by Callicutt's treating physician to the Sheriff regarding Callicutt's follow-up care. The magistrate judge ordered the Defendants to produce the letter. Callicutt contends that he never received the letter and the district court should not have granted the motion for summary judgment prior to the completion of the discovery process.

The district court did not abuse its discretion. The record shows that a diligent and thorough, although unsuccessful, search was made for the document. This ended Defendants' responsibility for production.

II. Summary Judgment Regarding Conditions of Confinement

We review a grant of summary judgment de novo, examining the evidence in the light most favorable to the non-moving party. Abbott v. Equity Group, Inc., 2 F.3d 613, 618-19 (5th Cir. 1993). Summary judgment is proper if the moving party establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Id.

A pretrial detainee's constitutional rights flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The state cannot punish a pretrial detainee. Hare, 74 F.3d at 639. "[U]nder Bell, a pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to a legitimate governmental purpose." Id.

3

at 640.  The Bell test applies "when a pretrial detainee attacks general conditions, practices, rules, or restrictions of pretrial confinement".  Id. at 643.

Callicutt has articulated a condition-of-confinement claim on numerous grounds.  Callicutt alleges that the Jail lacked adequate medical staff and that, as a result, his depression, nervousness, high blood pressure, and headaches went untreated until he was admitted to the mental hospital.  He also contends that he often did not receive prescribed medications; the conditions in the Jail exacerbated his medical problems; there was inadequate ventilation because the windows were boarded; he was given a thin, blood-and-urine stained mattress that was infested with lice; and he was denied indoor and outdoor recreation.  Finally, he complains that the Jail was unsanitary and infested with bugs and rats.

Regarding his medical treatment, Callicutt must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs in order to state a cognizable Section 1983 claim.  Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  See also Hare, 74 F.3d at 643 (noting that the Supreme Court applies the deliberate indifference standard and not the Bell test to medical care claims by pretrial detainees).  The record reveals that the prison provided Callicutt adequate medical treatment.  Moreover, there is no factual basis to show Callicutt sustained any injuries because of his lack of treatment.  Although the jail did not provide Callicutt his medication upon each request, these negligent acts do not form a basis for finding

4

deliberate indifference as a matter of law. See Daniel v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). Besides mere allegations against the Sheriff, Callicutt also fails to show any evidence demonstrating a Jail policy to deprive detainees of medical care. Fickes v. Jefferson County, 900 F. Supp. 84 (E.D. Tex. 1995).[3]

Callicutt also contends that the windows in the Jail were all boarded up with plywood and there was no ventilation system. The Defendants established that they boarded up the windows to prevent contraband from being passed through open windows. To compensate for the lack of ventilation, the Jail set up several floor fans throughout the prison. Applying the Bell test, it is clear that the Jail had a legitimate reason to board up the windows and such action did not violate Callicutt's constitutional rights.

Callicutt also contends that his due process rights were violated because of the condition of his bedding and the unsanitary conditions of the jail. Callicutt has failed to show any injury as a result of sleeping on this mattress. In addition, the Jail had in place a program to eradicate any insect and rat problem. We find that under Bell, Callicutt has not shown that the Jail made

---

[3] Under the Prison Litigation Reform Act, "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without prior showing of physical injury." 42 U.S.C. § 1997e(e). Although this provision applies to both convicted prisoners and pretrial detainees, this Circuit has not determined whether Section 1997e(e) applies retroactively to cases such as this one pending in the district court when the statute was enacted. Because we find Callicutt's claims to be without merit, we need not decide this issue.

5

him sleep on the mattress or kept the Jail unsanitary as a form of punishment.

Callicutt also contends that there were no recreation or exercise privileges at the Jail. However, the magistrate judge's report correctly noted that neither prisoners nor pretrial detainees have a constitutional right to outdoor exercise or recreation. Jones v. Diamond, 594 F.2d 997, 1012-13 (5th Cir. 1979). Moreover, Callicutt has not shown how a denial of such a privilege contributed to any injuries.

AFFIRMED.