IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10534
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH RAY WILLIAMS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CR-120-1-C
--------------------
February 16, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Kenneth Ray Williams appeals from his conviction for interstate transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Finding no error, we affirm.

Williams first argues that the district court erred in denying his motion for the Government to produce a mirror image of his computer hard drive so that his expert could test it for

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

viruses.  We review the district court's rulings during the discovery process for an abuse of discretion.  See United States v. Dukes, 139 F.3d 469, 476 (5th Cir. 1998).  We find that the Government offered to provide Williams with reasonable access to the seized hard drive and that the district court did not abuse its discretion in denying the motion.  See United States v. Kimbrough, 69 F.3d 723, 730-31 (5th Cir. 1995); Dukes, 139 F.3d at 476.

Williams next argues that the district court erred in admitting into evidence a box containing adult and child pornography, including the images that formed the basis of the offense of conviction for possession of child pornography, because the evidence was more prejudicial than probative and the district court failed to review the evidence before making its ruling.  We find that Williams has failed to show an abuse of discretion and that the evidence was properly admitted under Fed. R. Evid. 404(b).  See United States v. Layne, 43 F.3d 127, 133-34 (5th Cir. 1995).  We further find that the district court's limiting instruction on evidence of other acts tempered any prejudice caused by the evidence.  Id.

Finally, Williams argues that his sentence should not have been enhanced under U.S.S.G. § 2G2.2(b)(3) because the images for which he was convicted were not sadistic, masochistic or violent in nature.  Because the record before us fails to show that Williams objected on this basis in the district court, we would ordinarily review the argument for plain error.  See United States v. Cabral-Castillo, 35 F.3d 182, 188-89 (5th Cir. 1994).

However, questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error.  <u>United States v. Vital</u>, 68 F.3d 114, 119 (5th Cir. 1995).  Moreover, Williams failed to order a transcript of the sentencing proceedings.  <u>See</u> Fed. R. App. P. 10(b).  This court will not consider an issue about which the record on appeal is insufficient.  <u>See</u> <u>United States v. Johnson</u>, 87 F.3d 133, 136 n.1 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.