United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60086
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE MCNAIR, also known as Mole,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:00-CR-89
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ronnie McNair appeals his convictions for a cocaine conspiracy (Count 1), distribution of cocaine base with intent to distribute (Counts 2-4 & 6), distribution of cocaine base within 1000 feet of a housing project (Count 5), possession of cocaine base with intent to distribute (Count 7), being a felon in possession of a firearm (Count 8), and possession of unregistered

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

short-barreled shotguns (Count 9). McNair asserts that the evidence was insufficient on all nine counts.

McNair has waived arguments as to the sufficiency of the evidence on Count 2 and Count 7 by failing to properly brief them. See United States v. Beaumont, 972 F.2d 553, 563 (5th Cir. 1992). In view of evidence of McNair's purchases of cocaine from suppliers, his attempts to teach his son how to "cook" crack cocaine, and his arrangement with a Government witness to front "cookies" of crack cocaine, which were then split up and sold to others, McNair has not shown that the evidence was insufficient to convict him of conspiring to possess with intent to distribute in excess of 50 grams of cocaine base, as charged in Count 1. See United States v. Dukes, 145 F.3d 469, 475 (5th Cir. 1998); United States v. Morris, 46 F.3d 410, 416 (5th Cir. 1995).

McNair's arguments as to Counts 3-6 amount to nothing more than an assault on the credibility of the Government's cooperating witness. It is not this court's task to determine the credibility of witnesses. See United States v. Ybarra, 70 F.3d 362, 364 (5th Cir. 1995); United States v. Puma, 937 F.2d 151, 155 (5th Cir. 1991).

With respect to Counts 8 and 9, McNair contends that the evidence was insufficient to establish his possession of the firearms specified in the indictment. Because McNair has failed to show that the evidence was insufficient to establish his constructive possession, his challenge fails. See United States v.

2

<u>DeLeon</u>, 170 F.3d 494, 496 (5th Cir. 1999).  McNair has not shown that the evidence was insufficient on any count.

McNair also argues that the district court erred under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), in sentencing him to a 360-month sentence pursuant to his conviction for conspiring to possess with intent to distribute in excess of 50 grams of cocaine base.  McNair acknowledges that this argument was not raised below and that this court's review is therefore limited to plain error. See <u>United States v. Olano</u>, 507 U.S. 725, 733 (1993).  Because the drug quantity for the conspiracy count was charged in the indictment there is no error, plain or otherwise.  See <u>Apprendi</u>, 530 U.S. at 476.

**AFFIRMED.**