**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 7, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-51162
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

PATRICK ALEXANDER JONES,

Defendant-
Appellant.

---------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-193-1
---------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

Patrick Alexander Jones appeals his conviction and sentence for possession of cocaine base

with intent to distribute in violation of 21 U.S.C. § 841(a). He contends that there was insufficient

evidence to establish that the contraband was cocaine base (as opposed to some other variant of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine).  However, Jones has not shown that the factual finding was plain error in light of the expert testimony offered at trial.  <u>See</u> <u>United States v. Dukes</u>, 139 F.3d 469, 474 (5th Cir. 1998).

None of Jones's arguments regarding sentencing merit relief.  He has not shown that testimony of a witness who had entered into a plea bargain with the government was incredible or insubstantial on its face.  <u>See</u> <u>United States v. Bermea</u>, 30 F.3d 1539, 1552 (5th Cir. 1994).  Jones has not shown that the district court clearly erred by arrogating money found on him to his drug trade.  <u>See</u> <u>United States v. Johnston</u>, 127 F.3d 380, 403 5th Cir. 1997).  Finally, Jones has not shown that the district court's determination that he was running a prostitution ring related to his drug trade was clearly erroneous.  <u>See</u> <u>United States v. Parker</u>, 133 F.3d 322, 329-30 (5th Cir. 1998).

AFFIRMED.