IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-30943
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOEL EVANS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
No. 2:05-CR-20208-2

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joel Evans was convicted of conspiring to possess methamphetamine with intent to distribute and sentenced to serve 210 months in prison. He appeals his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction, arguing that the district court erred by denying his motion for judgment of acquittal, because the evidence did not establish that he conspired to possess with intent to distribute. Rather, he contends that the evidence showed only that he used methamphetamine.

We review the denial of a motion for acquittal de novo and use the same standards that are applied to a challenge to the sufficiency of the evidence. United States v. Wise, 221 F.3d 140, 154 (5th Cir. 2000). The central question is "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

The evidence showed that Evans knowingly agreed to violate the drug laws by possessing methamphetamine and distributing it to another. The evidence thus sufficed to permit a reasonable juror to conclude that Evans was guilty of conspiring to possess methamphetamine with intent to distribute. See United States v. Dukes, 139 F.3d 469, 475 (5th Cir. 1998); see also United States v. Casilla, 20 F.3d 600, 603 (5th Cir. 1994).

Evans contends that the district court erred by admitting a report at trial, because it is unclear whether the items tested and described in the report were the same items that were seized during the investigation that led to his prosecution. When a defendant questions whether the evidence admitted is the same as the evidence that was seized, the government need only make a threshold showing of authenticity for the evidence to be admitted. United States v. Sparks, 2 F.3d 574, 582 (5th Cir. 1993). The issue of authenticity then goes to the jury. Id. A review of the record shows that testimonial evidence offered at trial made a prima facie showing concerning the authenticity of the disputed items, and authenticity then became a jury question. Evans has shown no error in connection with the admission of the disputed evidence.

The judgment is AFFIRMED.