# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

Charles R. Fulbruge III
Clerk

No. 08-10122
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ALPHA TREATMENT CENTERS, INC., doing business as, Texas Durable Medical Equipment,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-202-3

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alpha Treatment Centers, Inc. (Alpha), pleaded guilty to conspiracy to commit mail fraud and health-care fraud. Alpha's plea was based in large part on the guilty plea of its employee Jason White to that same charge. At one point, White repudiated his admissions of guilt and moved to withdraw his own guilty plea. He later reaffirmed his guilt and the validity of his plea, however, and was convicted. Based on White's repudiation of his admissions of guilt, Alpha moved

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to withdraw its plea. The district court denied Alpha's motion and sentenced Alpha to a one-year probated sentence and $100,000 in restitution.

In its sole issue on appeal, Alpha argues that the district court abused its discretion in denying Alpha's motion to withdraw its guilty plea. Alpha maintains that White lied under oath when he admitted guilt and that White was truthful when he repudiated his admissions of guilt. Alpha reasons that absent White's guilt, there was no factual basis for its guilty plea.

Because the district court had already accepted Alpha's plea, to prevail on its motion, Alpha bore the burden of establishing a fair and just reason for the withdrawal of its plea. See FED. R. CRIM. P. 11(d)(2)(B). The essence of Alpha's arguments is that White's repudiation of the facts supporting his plea demonstrated White's innocence and that White's guilt could thus not be imputed to Alpha. In light of White's innocence, Alpha reasons, there was no factual basis to support Alpha's plea. An assertion of innocence is one of the factors the district court considers when determining whether a defendant has shown a fair and just reason for withdrawing its plea. United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984).

The district court held a hearing on Alpha's motion to reconsider the denial of its motion to withdraw its guilty plea. The district court took evidence on the issue whether White had been truthful when pleading guilty or whether he had been truthful when he repudiated his guilty plea in statements made outside of court. The district court ultimately found that Alpha had not shown that White was being untruthful when White swore under oath that he was guilty and the factual resume submitted in support of his guilty plea was true and correct. On the record before us, we will not disturb that factual finding. See United States v. Garza, 118 F.3d 278, 283 (5th Cir. 1997). Thus, Alpha's assertion of innocence as a justification for withdrawing its plea fails. Carr sets forth several other factors to be considered. Carr, 740 F.2d at 344. In this case, however, we need not consider them because all of Alpha's arguments regarding

the other factors are based on the faulty premise that White, and thus Alpha, were innocent and that their pleas were invalid.

White's factual resume stipulated to all of the elements of the offense. Thus, the factual resume alone was sufficient to provide a factual basis for his guilty plea as well as Alpha's own derivative plea.  See United States v. Dukes, 139 F.3d 469, 475 (5th Cir. 1998).  Accordingly, because Alpha failed to show a fair and just reason for the withdrawal of its plea, the district court did not abuse its discretion in denying Alpha's motion to withdraw its plea.  See FED. R. CRIM. P. 11(d)(2)(B); Carr, 740 F.2d at 344.  The judgment of the district court is AFFIRMED.