# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10467
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AUSTREBERTA MACEDO-FLORES,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-281-4

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Austreberta Macedo-Flores (Macedo) appeals following her jury convictions for one count of conspiracy to possess with intent to distribute a controlled substance and two counts of possession with intent to distribute a controlled substance. Macedo argues that the district court erred by denying her motion for a new trial, that the district court erred by not granting a minimal role adjustment, and that her sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10467

At trial, an FBI linguist testified that she listened to recorded conversations made while Macedo was incarcerated, between Macedo and family members.  The recorded conversations were not played for the jury or introduced into evidence.  Macedo contends that the recorded conversations were not properly authenticated and that they were not produced to the defense prior to trial, which violated the rules of discovery; she raised these arguments for the first time in her motion for a new trial.

Because Macedo first raised the authentication and discovery violation arguments in her motion for a new trial, plain error review applies.  *United States v. Garcia,* 567 F.3d 721, 726 n.2 (5th Cir. 2009).  Macedo thus must show a clear or obvious forfeited error affecting her substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes this showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id*.

Authentication is a condition precedent to the admission of evidence and is satisfied when a party presents "evidence sufficient to support a finding that the item is what the proponent claims it is."  FED. R. EVID. 901(a).  Here, it is undisputed that the recorded conversations were not admitted into evidence at trial.  Because Macedo offers no authority that the recordings required authentication, she cannot establish plain error.  *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009);  *Puckett*, 556 U.S. at 135; FED. R. EVID. 901.

Next, Macedo argues that the Government violated the rules of discovery by not providing copies of the recorded conversations prior to trial.  We will not order a new trial based on alleged discovery violations unless the defendant shows that a denial of access to evidence was prejudicial to her substantial rights.  *United States v. Dukes*, 139 F.3d 469, 476 (5th Cir. 1998).  This requires a showing of "a reasonable probability that, had the evidence been disclosed to

2

the defense, the result of the proceeding would have been different." *United States v. Webster*, 162 F.3d 308, 336 (5th Cir. 1998) (internal quotation marks and citation omitted).  Such a probability is shown "where the nondisclosure could reasonably be taken to put the whole case in such a different light as to undermine confidence in the jury verdict." *Webster*, 162 F.3d at 336.

The trial evidence shows that on April 24, 2013, Macedo sold methamphetamine to an undercover officer in a shed behind her home and that at least twice, she accepted the delivery of methamphetamine for sale.  Based on the foregoing, any nondisclosure of the recorded conversations could not reasonably be shown to undermine confidence in the jury's verdict on Macedo's convictions for one count of conspiracy to possess with intent to distribute a controlled substance and two counts of possession with intent to distribute a controlled substance.  *See id.*; 21 U.S.C. §§ 841, 846.

Macedo next argues that the district court clearly erred in denying a four-level reduction for her minimal role in the offense,  She asserts that her son directed her to deliver the package to the undercover agent; she was unaware that it contained drugs; she was linked to only one sale; and she was not recorded on any wiretaps.  Under U.S.S.G § 3B1.2, a district court may decrease a defendant's offense level by four levels if the defendant was a minimal participant in the criminal activity.  Whether the defendant is a minimal participant is a factual determination that is reviewed for clear error.  *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005).

The record reflects that Macedo participated in numerous sales of methamphetamine, she accepted at least four to five deliveries of methamphetamine, and a shed behind her home was used to conduct the drug conspiracy.  Thus, the district court's finding that she was not a minimal

participant is plausible in light of the record as a whole. *See Villanueva*, 408 F.3d at 203.

Finally, Macedo argues that her sentence is substantively unreasonable given her lack of any prior criminal history and her minor role in the offense. Because she did not object to the reasonableness of her sentence, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). When the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness that may be rebutted only if the defendant establishes that "the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). We have also indicated that a below-guidelines sentence appealed by the defendant is afforded a rebuttable presumption of reasonableness. *See United States v. Murray*, 648 F.3d 251, 258 (5th Cir. 2011).

The district court considered Macedo's arguments in mitigation, the materials submitted to the court, the 18 U.S.C. § 3553(a) factors, and the guidelines range. The court determined that a 144-month below-guidelines sentence was appropriate based on Macedo's age, poverty level, relationship with her son, and future deportation status. Macedo's argument that the district court should have sentenced her even lower below the guidelines range merely reflects her disagreement with the propriety of her sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). She has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to her sentence. *Cooks*, 589 F.3d at 186; *Murray*, 648 F.3d at 258.

Accordingly, the judgment of the district court is AFFIRMED.