United States Court of Appeals,

Fifth Circuit.

No. 95-31247

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Terrance Merrill FLANAGAN, Defendant-Appellant.

June 19, 1996.

Appeal from the United States District Court for the Western District of Louisiana.

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:

Defendant-Appellant Terrance Merrill Flanagan appeals the sentence imposed by the district court following Flanagan's conviction on a plea of guilty for possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). In challenging his sentence, Flanagan asserts error by the district court in (1) basing his sentence on penalties for cocaine base instead of powder cocaine and in relation thereto in refusing to consider scientific testimony from another district court case in another circuit; and (2) refusing to consider Flanagan's eligibility for the "safety valve" provision of U.S.S.G. § 5C1.2 which permits departure below the statutory minimum sentence. Although, based on binding precedent, we reject Flanagan's contentions regarding the cocaine base/powder cocaine dichotomy, we vacate his sentence and remand for resentencing in light of § 5C1.2, which the district court mistakenly believed it was precluded from applying, due to the mandatory minimum sentence requirements of § 841(b)(1)(A).

I

FACTS AND PROCEEDINGS

After initially pleading "not guilty," Terrance Merrill Flanagan entered into a plea agreement in which he pleaded guilty to Count XXI of a 23-count indictment, in which he and 10 co-defendants were charged with various cocaine-distribution offenses. In his plea agreement's factual recitation,

Flanagan admitted that he and Wesley Harris transported 425 grams of crack cocaine from Houston to Calcasieu Parish, Louisiana.

The Presentence Report (PSR) contains the following recommendations: Flanagan's base offense level is 34 because he was responsible for 425 grams of crack cocaine. He is entitled to a two-level reduction for acceptance of responsibility. The result of Flanagan's total offense level (32) and his criminal history score (Category I; Flanagan had no criminal history points) produces a guideline sentencing range of 121-151 months. The statute under which he was convicted required a minimum prison term of 10 years. *See* 21 U.S.C. § 841(b)(1)(A).

Flanagan objected, contending that he was entitled to a third point for acceptance of responsibility. The Probation Office did not oppose this objection and observed that the additional one-point reduction lowered his total offense level to 31 and his guideline range to 108-135 months.

Flanagan also insisted that he "should be sentenced based on the penalty for powder cocaine, rather than the penalty for crack cocaine." By motion he urged the court to adopt the sentencing hearing transcript of defendant Jerry Jones ("the Jones transcript") from *United States v. Davis,* 864 F.Supp. 1303 (N.D.Ga.1994), in which four scientific experts purportedly testified that cocaine powder and cocaine base are chemically indistinguishable. Flanagan maintains that the Jones transcript was admissible under Fed.R.Evid. 201(b)(2), in that the accuracy of the testimony therein "cannot be reasonably questioned." He argued that, under the rule of lenity, the penalties for cocaine powder should be applied; they would produce a total offense level of only 21 and a guideline range of only 37-46 months.

Recognizing that the statutory mandatory minimum sentence was 10 years, Flanagan also urged the court to depart downward under U.S.S.G. § 5C1.2 ("safety valve") or U.S.S.G. § 5K2.0. He contended that he met all five criteria set forth in § 5C1.2.

Without giving an explanation the district court denied Flanagan's motion to adopt the Jones transcript, but permitted him to "proffer the transcript at sentencing in anticipation of the appeal of this matter." At the sentencing hearing two days later, Flanagan proffered the testimony from the Jones transcript, but the court refused to consider it, stating:

[L]et me just say for the record, in case this case is taken up on appeal, I want the court's position known ... that if they want to equalize it, that if fine. We will adopt the crack cocaine standard rather than the powder cocaine standard.

The court did not address Flanagan's contention regarding the chemical equivalency of the two types of cocaine. Additionally, the court denied Flanagan's request for "the lowest possible sentence available," stating, "I don't have that freedom," then sentenced him to 120 months in prison and a five-year supervised release term. Flanagan timely filed a notice of appeal.

## II

## ANALYSIS

A. *Penalties for powder cocaine and cocaine base and district court's denial of motion to introduce Jones transcript*

Acknowledging that we have already rejected Equal Protection challenges to the disparity in penalties for offenses involving powder and crack cocaine, Flanagan contends that his argument concerning the chemical congruity of the two types of cocaine presents a different issue. He maintains that the expert testimony reflected by the Jones transcript shows that "cocaine" and "cocaine base" are interchangeable. He argues that because this identity creates an ambiguity in the law, the rule of lenity requires the court to apply powder cocaine's lesser penalties. Flanagan insists that the Jones transcript should have been admitted under Fed.R.Evid. 804(b)(1), as an exception to the hearsay rule, because the declarants were unavailable as witnesses and hearsay evidence is admissible during sentencing proceedings.

After an evidentiary hearing "at which four experts were qualified and testified," the *Davis* court found that cocaine base was synonymous with cocaine within the scientific community and that there "was also unanimous agreement among all four experts that the term 'crack' as it relates to cocaine substances does not have a fixed meaning in the scientific community." *Davis,* 864 F.Supp. at 1304-05 (footnote omitted). That court concluded, as a matter of law, that it must "apply the lesser statutory penalties for cocaine rather than hundred-fold greater penalties for the possession of cocaine base," because the ambiguity "about the reach o f a criminal statute or the penalties to be imposed" requires the application of the rule of lenity. *Id.* at 1305-06 (citing *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980)). Thus,

based on the total unanimity of opinion of the four experts, ... there is unquestioned ambiguity on the face of the statute, and, unless it could be said that the legislative history or public policy concerns alter the outcome, the rule of lenity must be applied.

*Davis,* 864 F.Supp. at 1306.

We have not yet published an opinion addressing the contention, based explicitly on either the *Davis* testimony or other expert scientific testimony, that—because the chemicals are chemically indistinguishable[1]—the penalty provisions for cocaine base and powder cocaine are ambiguous. We have, however, rejected such challenges in several unpublished opinions. *See e.g., United States v. Lewis,* No. 95-60131, at 1-2, 70 F.3d 1268 (5th Cir. Oct. 19, 1995) (unpublished); *United States v. Lampkin,* No. 95-30131, at 2-4, 68 F.3d 467 (5th Cir. Aug. 25, 1995) (unpublished); *United States v. Martin,* No. 95-30335, at 4 & n. 6, 79 F.3d 1143 (5th Cir. Feb. 5, 1996) (unpublished); *United States v. Thomas,* No. 95-30946, at 5-6, --- F.3d ---- (5th Cir. May 1, 1996) (unpublished). *Lewis* and *Lampkin* were issued before January 1, 1996, and are precedent. *See* 5th Cir. Rule 47.5.3. As these opinions constitute binding precedent, they foreclose Flanagan's argument based on *Davis,* so we need not and therefore do not address his contention that the district court should have admitted the Jones transcript.

B. *Refusal to Depart Downward Under U.S.S.G. § 5C1.2*

Flanagan contends that he was entitled to a downward departure from the mandatory minimum sentence because he meets all five "safety valve" criteria set forth in U.S.S.G. § 5C1.2, and observes that the district court failed to make factual findings regarding the application of § 5C1.2. Although he does not explain how he met each of the five criteria, he argues that "it is not necessary" to make such arguments now because he raises the issue only to "preserve its viability on remand to the Trial Court."[2] Flanagan has not abandoned his § 5C1.2 claim, but he has abandoned his claim that

---

[1]We have stated that, "when cocaine is changed into cocaine base, it becomes a different chemical substance." *United States v. Thomas,* 932 F.2d 1085, 1090 (5th Cir.1991), *cert. denied,* 502 U.S. 1038, 112 S.Ct. 887, 116 L.Ed.2d 791 (1992). It cannot be determined from reading the *Thomas* opinion whether scientific testimony was introduced or proffered, however. *See id.*

[2]Although this statement suggests that Flanagan is effectively abandoning this contention because he is not adequately briefing it on appeal, *see Yohey,* 985 F.2d at 225, the statement also reflects Flanagan's awareness that we cannot make the required factual findings for the first time on appeal anyway.

he was entitled to a departure pursuant to § 5K2.0. *See id.; Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993).

The government counters by urging that we lack jurisdiction to address the § 5C1.2 claim unless Flanagan shows that the "district court violated some law or erroneously believed [it] was without authority to depart downward." Flanagan did not orally renew his request for a § 5C1.2 reduction at his sentencing hearing. He did, though, raise the issue in his sentencing memorandum, and that was sufficient to preserve the issue for appeal. We apply the "plain error" standard when a defendant "fail[s] to object to the PSR *or* at the sentencing hearing." *See United States v. McCaskey,* 9 F.3d 368, 376 (5th Cir.1993) (emphasis added), *cert. denied,* --- U.S. ----, 114 S.Ct. 1565, 128 L.Ed.2d 211 (1994).

"U.S.S.G. § 5C1.2 is a "safety valve' provision which allows qualified defendants to escape the applicable statutory minimum sentence." *United States v. Edwards,* 65 F.3d 430, 433 (5th Cir.1995) (citation omitted). A defendant convicted of an offense under 21 U.S.C. § 841 shall be sentenced "in accordance with the applicable guidelines" without regard to any statutory minimum sentence, if the court finds that he satisfies five criteria:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense ...; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

*See id.;* § 5C1.2. We review a sentencing court's legal interpretation of the guidelines *de novo. United States v. Rodriguez,* 60 F.3d 193, 195 (5th Cir.) (applying § 5C1.2), *cert. denied,* --- U.S. ----, 116 S.Ct. 542, 133 L.Ed.2d 446 (1995).

Flanagan's guideline sentencing range was 108 to 135 months.  There is no indication in the record that Flanagan fails to meet any of the five § 5C1.2 criteria.[3]  Indeed, if he meets all five, the court had authority to reduce Flanagan's sentence to 108 months.

We "uphold a sentence unless it is imposed in violation of law, results from a misapplication of the guidelines, or is an unreasonable departure from the applicable guideline range." *United States v. Akin,* 62 F.3d 700, 701 (5th Cir.1995).  Although we lack jurisdiction to review a defendant's challenge to his sentence based on mere dissatisfaction with the court's refusal to grant to a downward departure, we may do so if the court's refusal was the result of a violation of law.  *United States v. Burleson,* 22 F.3d 93, 94-95 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 283, 130 L.Ed.2d 199 (1994).  A refusal to depart is a violation of law only if the court mistakenly assumed that it lacked the authority to depart.  *Id.* at 95;  *see* 18 U.S.C. § 3742(e).

Here, the district court noted that Flanagan's involvement was "substantial,"[4] but then stated:

> *[I]f I had any freedom* in the matter, I might be inclined [to depart downward] because of [Flanagan's] youth and all, not to sentence him to that much time, but ... *I don't have that freedom.  I have got to be bound by the law.  The law says that the minimum is hundred and twenty months.*

This language confirms that the court did not consider the criteria listed in § 5C1.2, and mistakenly believed that it was bound by the mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A).  Clearly it was not;  that is what the safety valve provision is all about.  The court's mistaken belief satisfies the *Burleson* test for a violation of law in refusing to depart downward for incorrectly assuming that it lacked authority to do so.  We therefore vacate Flanagan's sentence and remand for resentencing following a full exploration of the applicability of § 5C1.2 to Flanagan's situation.  *See*

---

[3]Recently we held that, under § 5C1.2(5), the defendant has the affirmative burden of providing the government with all information and evidence regarding the offense;  the government is not required to solicit such information.  *United States v. Flanagan,* 80 F.3d 143, 146 (5th Cir.1996) (no apparent relationship to Defendant-Appellant herein).  Flanagan may have satisfied this criterion when he "acknowledged his participation and involvement in the instant offense" in connection with accepting responsibility.

[4]The Government notes this statement by the court, apparently implying that the court was finding that Flanagan's "substantial" involvement disqualified him from receiving the § 5C1.2 reduction.  *See* red brief at 16.  However, none of the § 5C1.2 criteria addresses whether a defendant had "substantial" or minimal involvement in the offense.  *See* § 5C1.2.

*United States v. Flanagan,* 80 F.3d 143 (5th Cir.1996).

VACATED and REMANDED for resentencing.