IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-31095
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRIN D. PLAIN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 95-CR-47
- - - - - - - - - -
October 23, 1996
Before POLITZ, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Darrin D. Plain challenges his sentence arising from his conviction for distribution of cocaine base, arguing that there is no scientific basis for making a distinction between cocaine and cocaine base at sentencing. He argues that the applicable sentencing provisions are ambiguous because they treat the two substances differently and, therefore, that the rule of lenity should have been applied by the district court at sentencing.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Plain also argues that the sentencing statute is ambiguous because it does not clearly define the meaning of "cocaine base."

This court has rejected the argument that scientific evidence concerning the similar properties of cocaine and cocaine base render the statutory penalties for cocaine base and cocaine offenses sufficiently ambiguous to warrant the application of the rule of lenity.  See United States v. Flanagan, 87 F.3d 121, 123-24 (5th Cir. 1996); United States v. Lampkin, No. 95-30131 (5th Cir. Aug. 25, 1995) (unpublished).  We have also previously determined that the sentencing statute is not constitutionally infirm because it does not define the meaning of cocaine base.  See United States v. Thomas, 932 F.2d 1085, 1090 (5th Cir. 1991), cert. denied, 502 U.S. 1038 (1992).

AFFIRMED.