IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30289
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BENNIE RAY CAIN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 95-CR-50047

_____

April 11, 1997

Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bennie Cain appeals his conviction and sentence for possessing a firearm as a convicted felon. His claim that he is entitled to reversal on grounds that this conviction is legally inconsistent with his acquittal of having made false statements to obtain the firearm has no merit. See United States v. Parks, 68 F.3d 860, 865 (5th Cir. 1995), cert. denied, 116 S. Ct 825 (1996). Nor is there any merit to Cain's contention that he is

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

entitled to reversal on grounds of entrapment by estoppel.  <u>See</u>

<u>United States v. Trevino-Martinez</u>, 86 F.3d 65,69 (5th Cir. 1996),

<u>cert. denied</u>, 1997 WL 85480 (Mar. 3, 1997); <u>United States v.</u>

<u>Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc)(plain

error), <u>cert. denied</u>, 115 S. Ct. 1266 (1995).

Cain's claim that the district court should have granted him

a downward departure in sentencing him, pursuant to U.S.S.G.

§ 5K2.0, p.s., will be dismissed for lack of jurisdiction.  <u>See</u>

<u>United States v. Flanagan</u>, 87 F.3d 121, 125 (5th Cir. 1996);

<u>United States v. DiMarco</u>, 46 F.3d 476, 477-78 (5th Cir. 1995).

JUDGMENT AFFIRMED IN PART; APPEAL DISMISSED IN PART.