**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-30143
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANDRE PATRICK STAGGERS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 97-CR-35-A
- - - - - - - - - -

May 28, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Andre Staggers appeals his conviction and sentence after being found guilty of conspiring to violate the federal narcotics laws, in violation of 21 U.S.C. § 846.  Staggers first argues that there was insufficient evidence to support his conviction.  We review Staggers' sufficiency claim only for plain error because he failed to renew his motion for a judgment of acquittal at the close of all evidence.  See United States v. McCarty, 36 F.3d 1349, 1358 (5th

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1994). Under the plain error standard, this court will reverse only if there is a manifest miscarriage of justice. Id. A review of the record indicates that there was sufficient evidence to support Staggers' conviction. Because the record contains evidence pointing to Staggers' guilt and because that evidence is not "so tenuous that a conviction would be shocking," no miscarriage of justice has occurred. See id. (internal quotations and citation omitted).

Staggers also argues that the district court erred in imposing a two-level enhancement for obstruction of justice based on his false testimony at trial. He contends that some jurors are predisposed to convict drug traffickers without proof beyond a reasonable doubt. He also contends that an enhancement for obstruction of justice is inappropriate when a defendant's conviction is based solely on circumstantial evidence. Staggers' contentions are meritless. He has cited no authority to show that the district court clearly erred in imposing a two-level enhancement for obstruction of justice. Accordingly, the district court's finding must be upheld. See United States v. Gray, 105 F.3d 956, 972 (5th Cir. 1997) (upholding two-level enhancement for obstruction of justice based on defendant's false testimony at trial because defendant cited no case law to show that the district court's finding was in error).

Finally, Staggers contends that he was entitled to the benefits of the "safety valve" provision. This contention is also without merit. Staggers was not entitled to the benefits of the safety valve provision because, as the district court found, he has

not shown that he truthfully provided the Government with all information and evidence regarding his offense of conviction. See U.S.S.G. § 5C1.2(5) & comment. (n.3); cf. United States v. Flanagan, 87 F.3d 121, 125 n.3 (5th Cir. 1996)(stating that defendant may have satisfied burden of providing the Government with all information and evidence regarding the offense when he "acknowledged his participation and involvement in the instant offense" in connection with accepting responsibility).

AFFIRMED.