IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41302
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL DOMINGUEZ-BETANCOURT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-203-1
--------------------
May 18, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rafael Dominguez-Betancourt ("Dominguez") appeals from his conviction and sentence for possession within intent to distribute approximately eleven kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Dominguez argues that the district court erred in failing to reduce his offense level pursuant to the safety valve of U.S.S.G. § 5C1.2. We review for plain error when the defendant has not objected to the presentence investigation report or at the sentencing hearing. United States v. Flanagan, 87 F.3d 121, 124 (5th Cir. 1996). We

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclude that the district court did not mistakenly believe that it lacked the authority to sentence Dominguez below the statutory mandatory minimum and did not misapply the sentencing guidelines. See Flanagan, 87 F.3d at 125; United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995).

Dominguez also argues that his trial counsel rendered ineffective assistance of counsel by failing to argue for the safety valve at sentencing. This court will review claims for ineffective assistance of counsel on direct appeal only in rare cases in which the record has been fully developed and allows for a fair evaluation on the merits. United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992). In general, the appropriate place to raise an ineffective assistance of counsel claim is in a 28 U.S.C. § 2255 motion. The record here shows that both Dominguez's trial and appellate counsel were present at sentencing. The record is not adequately developed to examine counsel's understanding of the roles of each attorney at sentencing or the reason that trial counsel did not advance the safety valve argument. Dominguez asserts for the first time in his reply brief that his appellate counsel was also ineffective at the sentencing hearing. We do not review claims raised for the first time in a reply brief. See United States v. Jackson, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995). Accordingly, we decline to review the ineffective assistance claims.

AFFIRMED.