**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 01-30025**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**HAROLD A. ODOMES,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
for the Western District of Louisiana
(00-CR-20047)

---

February 25, 2002

Before GARWOOD, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM[*]:

On October 2, 2000, Harold A. Odomes appeared in the United States District Court at Lafayette, Louisiana for a two day jury trial. Count 1 of Odomes' indictment charged that on or about December 4, 1997, Odomes did knowingly embezzle, purloin, steal and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convert to his own use, or the use of others, items of military issue clothing valued at over $1,000, in violation of 18 U.S.C. § 641. Count 2 of the indictment charged the identical criminal acts on December 21, 1997. On October 4, 2000, Odomes was found guilty on all counts as charged in the indictment. The district court sentenced Odomes on December 21, 2000, to a total term of ten months imprisonment and to a three year term of supervised release. Odomes now appeals his sentence claiming that the district court imposed it under the mistaken assumption that it could not impose a less onerous sentence.

## BACKGROUND

Harold A. Odomes was indicted for two counts of theft of government property in violation of 18 U.S.C. § 641. The indictment alleged that Odomes stole various items of military-issue clothing while employed as an equipment-issue clerk for the Department of the Army. A jury found Odomes guilty of the charges.

In accordance with the Sentencing Guidelines, the Presentence Report ("PSR") assigned Odomes with a total offense level of 12. Odomes had no criminal history points placing his criminal history category at I. With a total offense level of 12 and a criminal history category of I, the Sentencing Guidelines provided for a range of imprisonment of 10 to 16 months. U.S.S.G. Ch. 5, Pt. A (Sentencing Table). As explained in the PSR, however, because the range of imprisonment was in Zone C of the Sentencing Table, the

2

minimum term of imprisonment could be satisfied under § 5C1.1(d) by either (1) a sentence of imprisonment; or (2) a sentence of imprisonment that included a term of supervised release with a condition that substituted community confinement or home detention for imprisonment, provided that at least one-half of the minimum term was satisfied by imprisonment. U.S.S.G. § 5C1.1(d)(1)-(2).

At sentencing, Odomes stated that he had no objections to the PSR. In response to the district court's question as to whether Odomes had anything to say in mitigation of the sentence, Odomes stated that he accepted blame for the crime and requested that the district court be "as lenient as possible." Odomes' counsel also stated that Odomes had four minor children that would have to be placed with various relatives if Odomes was incarcerated as covered in the PSR. Neither Odomes nor his counsel, however, requested the district court to impose a split sentence of imprisonment and community confinement or home detention pursuant to § 5C1.1(d)(2).

The district court also did not mention the availability of a split sentence under § 5C1.1(d)(2), but it did express that it was "keenly aware" of Odomes' responsibilities as a parent and that it was concerned about what was going to happen to Odomes' children while Odomes was in prison. However, the district court additionally stated that it viewed Odomes' offense very seriously and that his action had to have a consequence. The district court then said: "I'm going to give you the lowest sentence that I can

3

give you under the Sentencing Commission Guidelines, and that's ten months."

The district court further communicated its concern for Odomes' children during Odomes' incarceration, but stated that "under the guidelines there's really no alternative." The district court again stated that Odomes' offense was "not a little thing" and that the district court wanted to make sure that others would be deterred from committing a similar offense. In addition to imposing a 10-month sentence, the district court imposed a three-year term of supervised release and a $200 special assessment. The 10-month period of imprisonment began on January 22, 2001.

## DISCUSSION

Odomes argues that the district court abused its discretion in sentencing him to 10 months in prison because it erroneously concluded that it was not authorized to impose any other sentence than the 10-to-16-month sentence set forth in the PSR. Odomes contends that the district court failed to recognize the alternative of a split sentence of imprisonment and home detention allowed by § 5C1.1(d)(2). Odomes consequently asserts that his sentence should be vacated and that he should be resentenced.

This Court reviews a trial court's interpretation of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999). Under 18 U.S.C. § 3742(a), a defendant may seek review of an

4

otherwise final sentence only if the sentence "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the [S]entncing [G]uidelines; or (3) is greater than the sentence specified in the applicable guideline range . . . ; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(a); *see* *United States v. DiMarco*, 46 F.3d 476, 477-78 (5th Cir. 1995) (explaining that § 3742(a) "permits a defendant to appeal for review of his sentence in four circumstances"). Odomes appears to be contesting the district court's decision as an incorrect application of the Sentencing Guidelines. However, a district court's refusal to depart from the guidelines can be reviewed by this Court only if the district court based its decision upon an erroneous belief that it lacked the authority to depart. *United States v. Valencia-Gonzales*, 172 F.3d 344, 346 (5th Cir. 1999).

Therefore, before we may review Odomes' case, we must come to the conclusion that the district judge was unaware of the options under the Guidelines and felt constrained to make its decision based on this ignorance. There is very little case law, however, involving how to review whether the district court's decision, regarding alternative forms of punishment, was informed. We find some analogy in the present case, to cases in which the defendant appeals a district court's decision not to depart downward because of an erroneous belief that it lacked the authority to depart. In

5

such cases, in order to review the decision, "something in the record must indicate that the district court held such an erroneous belief." *United States v. Landerman*, 167 F.3d 895, 899 (5th Cir. 1999). "[A] district court's summary denial without explanation does not indicate any such erroneous belief." *Valencia-Gonzales*, 172 F.3d at 346 (citing *United States v. Aggarwal*, 17 F.3d 737, 745 (5th Cir. 1994)).

In the present case, the record does not clearly indicate whether the district judge was aware of the options under § 5C1.1(d)(2). Though some concern was indicated by the district court as to the time that Odomes would be incarcerated, the court also indicated that it felt punishment was necessary. Odomes would have this Court believe that the district court's statements such as "under the guidelines there's really no alternative," indicates that the court was unaware of § 5C1.1(d)(2). However, the court's stern condemnation of Odomes' crime, along with the fact that the PSR included this alternative in its text, leads us to conclude that the judge simply chose between alternate punishment schemes, and was at all times aware of the options available to it.

Neither Odomes nor his counsel raised the possibility of imposing an alternate punishment at the sentencing hearing and so, we review the district court's decision for plain error. *Thames*, 214 F.3d at 612; *United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996). This Court can grant relief under the plain error

6

standard if the error complained of is clear under current law and affects substantial rights.  ***United States v. Olano***, 507 U.S. 725, 731-34 (1993).  A court of appeals, however, should not exercise its discretion to correct the error unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  ***Id***. at 527.

We hold that the district court's choice of sentencing in this case does not rise to the level which requires correction.

## CONCLUSION

Having carefully reviewed the record of this case and the parties' respective briefing, we conclude that the district court did not abuse its discretion in sentencing Odomes to ten months of imprisonment rather than the less onerous alternative under § 5C1.1(d)(2).  We therefore AFFIRM the district court's sentence.

**AFFIRMED.**

7