**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-60207

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS DEAN EDWARDS, II,

Defendant - Appellant.

_____

Appeal from the United States District Court
For the Northern District of Mississippi
USDC No. 3:01-CR-29-ALL-D

_____

December 27, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

   Travis Dean Edwards, II ("Edwards") appeals his conviction for passing counterfeit currency.

Edwards contends that the district court erred by admitting Grady Lee McCullar ("McCullar")'s

---

   [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

testimony pursuant to FED. R. EVID. 404 (b), that without McCullar's testimony the evidence was insufficient to prove his intent to defraud, and that the district court erred by assigning Edwards two criminal history points for a previous conviction, since that conviction was possibly uncounseled.

Edwards has not demonstrated that the district court erred in admitting McCullar's testimony under FED. R. EVID. 404 (b). McCullar's testimony that he saw Edwards purchase counterfeit bills in October or November of 2000 was admissible to show Edwards' intent or lack of mistake or accident regarding the August 1999 incidents on which his conviction was based. *See* FED. R. EVID. 404 (b) (providing that "[e]vidence of other crimes, wrongs, or acts" may be admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"); *United States v. Peterson*, 244 F.3d 385, 392-93 (5th Cir.), *cert. denied*, 122 S. Ct. 133 (2001) ("Our prior decisions clearly allow for evidence of 'bad acts' subsequent to the subject matter of the trial for the purpose of demonstrating intent."). Moreover, Edwards has not shown that the probative value of McCullar's testimony was substantially outweighed by its potential for undue prejudice, *see* FED. R. EVID. 403, and his failure to request an on-the-record balancing of probativeness and prejudice is fatal to his argument that the district court erred by not conducting such a balancing test. *United States v. Fox*, 69 F.3d 15, 20 (5th Cir. 1992).

Edwards's challenge to the sufficiency of the evidence is derivative of his challenge to McCullar's testimony. Thus, his insufficiency-of-the-evidence argument fails.

Because Edwards did not object in the district court to the two criminal history points assigned to him for his possibly uncounseled conviction, we review under the plain-error standard his argument on appeal that the district court erred in assigning to him these criminal history points. *See United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996) ("We apply the 'plain error' standard

when a defendant 'fail[s] to object to the PSR *or* at the sentencing hearing."). Whether Edwards was represented by counsel when he was convicted previously is a question of fact that could have been resolved at sentencing following a proper objection. Since Edwards failed to make such an objection, he cannot show plain error. *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991) ("Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error.").

We do not accept the Government's invitation to address the issue of whether Edwards' counsel gave effective assistance at trial, since Edwards explicitly disclaims ineffective assistance of counsel as an issue on appeal.

In sum, the district court's judgment is AFFIRMED. The Government's motion to supplement the record on appeal is DENIED as moot.