United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-61057
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRAD BINGHAM,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:03-CR-31-ALL
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brad Bingham pleaded guilty to two counts of distribution in excess of 50 grams of methamphetamine. The district court sentenced Bingham to concurrent terms of 97 months in prison for each of the two counts of conviction. The district court also imposed concurrent five-year terms of supervised release. Bingham, proceeding pro se, appeals his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bingham argues that the district court erred in considering the amounts of narcotics listed in the dismissed counts of the indictment as relevant conduct to his methamphetamine trafficking offenses. The district court may consider drug offenses not specified in the count of conviction if they are part of the same course of conduct or part of a common scheme or plan. United States v. Vital, 68 F.3d 114, 118 (5th Cir. 1995); U.S.S.G. §§ 1B1.3(a)(2), 2D1.1, comment. (n.12). Because all of the narcotics trafficking occurred within a six week period, Bingham has not demonstrated that the district court clearly erred in including all of the dismissed counts as relevant conduct. United States v. Ocana, 204 F.3d 585, 589-90 (5th Cir. 2000); United States v. McCaskey, 9 F.3d 368, 372 (5th Cir. 1993).

Bingham argues that a single criminal history point should be deleted because the original presentence report (PSR) did not verify that he was represented by counsel with regard to the misdemeanor conviction. See United States v. Morrow, 177 F.3d 272, 305 (5th Cir. 1999). At sentencing, the district court found that court records showed that Bingham was represented for the March 25, 1997, conviction. Bingham does not assert that he was not represented, he simply argues that the court records cannot be verified independently. This is not sufficient to show that the district court was clearly erroneous in finding that

Bingham had been represented in the proceeding in question.

See McCaskey, 9 F.3d at 372.

Bingham argues that the district court erred when it failed to reduce his sentence under U.S.S.G. § 5C1.2, the "safety valve" provision. As discussed above, the district court did not err in finding that Bingham had two criminal history points. Bingham was disqualified by § 5C1.2(a)(1) from receiving a safety valve reduction. United States v. Flanagan, 87 F.3d 121, 124-25 (5th Cir. 1996).

AFFIRMED.