United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41240

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

VICTOR ALLEN MELENDEZ, JR

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-304-1
--------------------

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

Victor Allen Melendez, Jr., appeals his conviction,
following a bench trial, of possession of more than 1,000
kilograms of marijuana with intent to distribute, a violation of
21 U.S.C. § 841(a)(1) and (b)(1)(A).  Melendez was sentenced to a
mandatory minimum term of 10 years in prison and to five years of
supervised release.

Melendez contends that the district court erred in denying
his motion to suppress evidence:  the 1,360 kilograms of
marijuana contained in the trailer Melendez was pulling near

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Laredo, Texas, on January 31, 2003. On that morning, an anonymous telephone tip to the police advised officers that a specific trailer containing drugs was ready to be picked up at a specific Laredo warehouse, and that the drugs would then be transported northward on Interstate 35. Surveilling officers observed Melendez arrive at the warehouse in a tractor, hook the tractor to the trailer described by the caller, seal the trailer, drive away, and take a roundabout route toward the interstate. As Melendez was entering the interstate, officers radioed ahead to a patrol officer on the interstate to stop Melendez, and the patrol officer stopped Melendez for speeding.

Melendez contends that the anonymous tip did not provide reasonable suspicion to justify the stop and search of the tractor-trailer, that the stop for speeding was completely pretextual, and that the surveilling officers who arrived on the scene almost immediately thereafter impermissibly extended the duration of the traffic stop to gain Melendez's consent to search the trailer and to conduct a search by a drug-sniffing dog. Regardless of the patrol officer's subjective motivation for the stop, the stop was reasonable because he had probable cause to believe that Melendez was speeding. See Whren v. United States, 517 U.S. 806, 810, 812-13 (1996). That the surveilling officers who arrived minutes afterward questioned Melendez about narcotics, after they had discovered that Melendez had given false statements to the patrol officer, did not violate

Melendez's Fourth Amendment rights. See United States v. Brigham, 382 F.3d 500, 508 (5th Cir. 2004) (en banc); United States v. Shabazz, 993 F.2d 431, 436 (5th Cir. 1993). Moreover, although the anonymous tip, standing alone, did not justify the stop, "independent corroboration by the police of significant aspects of the informer's predictions imparted some degree of reliability to the other allegations made by the caller." See Alabama v. White, 496 U.S. 325, 329, 332 (1990). Given these factors and Melendez's apparently evasive driving maneuvers, the officers were permitted to detain Melendez for as long as it took to "diligently pursu[e] a means of investigation that was likely to confirm or dispel [the officers'] suspicion" about drug trafficking. United States v. Hare, 150 F.3d 419, 426 (5th Cir. 1998), overruled on other grounds, United States v. Doggett, 230 F.3d 160, 163-64 (5th Cir. 2000). The means used in the instant case was a drug-sniffing dog, which was summoned within minutes of the stop of Melendez and which almost immediately alerted to the trailer. The dog's alert constituted probable cause to search the trailer. Hare, 150 F.3d at 427. The district court did not err in denying Melendez's motion to suppress.

The evidence at Melendez's suppression hearing reflected that Melendez also consented to the search. Other than arguing that the officers impermissibly extended the scope of the stop, however, Melendez has abandoned any contention that such consent

was invalidly obtained.  See United States v. Flanagan, 87 F.3d 121, 124 n.2 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.