United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 03-21085
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC KUNG-SHOU HO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 4:00-CR-183-1
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eric Ho was convicted of violating the Clean Air Act. The

district court denied certain sentencing enhancements urged by the

government, including a U.S.S.G. § 2Q1.2 enhancement based on the

emission of asbestos into the environment and a § 3B1.2 enhancement

for Ho's status as a leader or organizer of activity involving five

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

or more persons or that was otherwise extensive. The district court sentenced Ho to two months of community confinement and six months of home confinement, and declined to rule on Ho's motion for downward departure because Ho's ultimate sentence did not include imprisonment. We affirmed the conviction but reversed and remanded for resentencing, holding that the government had carried its burden of proof on the § 2Q1.2 enhancement and that the district court had erred in its interpretation of the term "otherwise extensive." United States v. Ho, 311 F.3d 589, 610-11 (5th Cir. 2002).

On remand, Ho renewed his motion for downward departure. The district court stated that, although it believed a departure was warranted, it was without authority to grant one because it was limited on remand to the issues decided by this court's mandate in the first appeal.

The district court erred in concluding that it did not have the authority to reconsider Ho's motion for downward departure on remand. See United States v. Lee, 358 F.3d 315, 321 (5th Cir. 2004). Accordingly, we vacate Ho's sentence and remand for resentencing. See United States v. Flanagan, 87 F.3d 121, 125 (5th Cir. 1996). We express no opinion regarding the merits of Ho's motion for downward departure.

We deny Ho's motion to remand as moot. Because we have decided this matter based on the downward departure issue, we do

not reach Ho's additional claim that his sentence is invalid in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

VACATED AND REMANDED; MOTION TO REMAND DENIED AS MOOT.