**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-30773
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TY PAYTON

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-179-1

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ty Payton appeals his 210-month sentence following his guilty plea conviction for conspiracy to use and carry firearms during crimes of violence and two counts of carjacking. He argues that his non-guidelines sentence is unreasonable because the district court failed to provide an adequate explanation for the variance, the district court failed to address his argument that his mental illness represented a mitigating factor, and the variance was

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

To the extent that Payton argues that the district court failed to provide an adequate explanation for the variance, that issue is reviewed for plain error only. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). The district court specifically cited to various § 3553(a) factors as the bases for the upward variance and then recited the factual basis for Payton's guilty plea, which detailed the egregious series of events underlying Payton's instant offenses. Our review of Payton's sentencing indicates that Payton has failed to show plain error as to this issue. *See United States v. Bonilla*, 524 F.3d 647, 657-59 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009).

Despite the Government's argument to the contrary, Payton preserved his mental illness claim by raising it in his sentencing memorandum. *See United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996). Moreover, he referenced his mental health issues at sentencing. Our review of the record shows that the district court read Payton's sentencing memorandum, listened to his arguments, and imposed the non-guidelines sentence after consideration of Payton's arguments, including his mental illness claim. Accordingly, Payton has failed to show that the district court committed a procedural error in this regard. *See Rita v. United States*, 127 S. Ct. 2456, 2468-69 (2007).

The extent of the variance at issue in this case is consistent with other sentences that this court has affirmed. *See, e.g., United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006). Payton has not shown that his sentence is procedurally or substantively unreasonable. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007).

The district court's judgment is AFFIRMED.