# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2012

No. 11-50563
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS SAUCEDO-MUNOZ, also known as Jose Luis Saucedo, also known as Jose Luis Sauceda-Munoz, also known as Jehova Miranda,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-254-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Luis Saucedo-Munoz appeals the 57-month sentence imposed following his guilty plea conviction to one count of illegal reentry following previous deportation. He argues that his sentence, which is at the bottom of the applicable guidelines range, is unreasonable.

Saucedo-Munoz makes no argument that the district court committed any procedural error regarding his sentence. Thus, this court's review is confined to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether the sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Citing *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), Saucedo-Munoz acknowledges that this court's review is for plain error when a defendant fails to object to the reasonableness of a sentence after the imposition of sentence. Nevertheless, he seeks to preserve for further review his contention that an objection is not required when the argument is preserved via a sentencing memorandum and oral argument at a sentencing hearing.

Although the arguments Saucedo-Munoz raises on appeal are the same arguments he raised before the district court at sentencing and in his sentencing memorandum, Saucedo-Munoz did not object to the reasonableness of his sentence after it was imposed. Thus, as he acknowledges, review is arguably for plain error. *See Peltier*, 505 F.3d at 391-92; *but see United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996). However, this court need not determine whether plain error review is appropriate because Saucedo-Munoz's arguments fail even under the abuse-of-discretion standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

This court has consistently rejected Saucedo-Munoz's argument that U.S.S.G. § 2L1.2 results in an excessive sentence since it lacks an empirical basis and involves double-counting of a prior offense. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). Further, as he acknowledges, Saucedo-Munoz's argument that he deserved a lesser sentence based upon the disparity in fast track early disposition programs is foreclosed by *United Stats v. Gomez-Herrera*, 523 F.3d 554, 563 n.4 (5th Cir. 2008). Additionally, Saucedo-Munoz's argument that the district court failed to consider his personal circumstances is not supported by the record. In response to Saucedo-Munoz's cultural assimilation argument, the district court pointed out that Saucedo-Munoz has "spent 19 of the last 23 years in prison." The district court concluded that Saucedo-Munoz did "not merit any consideration for departure or variance." *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2009). Other than to simply

repeat the arguments made to the district court, Saucedo-Munoz has not shown that the district court failed to give proper weight to his arguments or any particular 18 U.S.C. § 3553(a) factor. He has thus failed to rebut the presumption of reasonableness that is accorded his within-guidelines sentence. *See Gomez-Herrera*, 523 F.3d at 565-66.

Accordingly, the district court's judgment is AFFIRMED. The Government's motion for summary affirmance is GRANTED IN PART as to the issues in which relief is foreclosed by circuit precedent and DENIED IN PART as to the issue of the reasonableness of Saucedo-Munoz's sentence. However, no further briefing is required, and the Government's motion for an extension of time to file a brief is DENIED.