# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2012

No. 11-50548
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS CAMPOS-CABRERA, also known as J. Jesus Campos-Cabrera, also known as Jesus Campos,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-326-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Jesus Campos-Cabrera appeals the 46-month within-guidelines sentence imposed following his conviction for illegal reentry after deportation. Campos-Cabrera challenges only the substantive reasonableness of his sentence. The Government moves for summary affirmance or, alternatively, for an extension of time to file an appellate brief. Campos-Cabrera opposes summary affirmance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Campos-Cabrera concedes that he failed to object to his sentence after it was imposed and that this court's review is limited to plain error.  Nevertheless, he seeks to preserve for further review his contention that an objection after the imposition of sentence is not required for abuse-of-discretion review.  Because Campos-Cabrera did not object to the reasonableness of his sentence after it was imposed, review is arguably for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007)*; but see United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996).  This court need not determine whether plain error review is appropriate because Campos-Cabrera's arguments fail even under the abuse-of-discretion standard of review.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Because Campos-Cabrera's sentence was within his advisory guidelines range, his sentence is presumptively reasonable.  *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Campos-Cabrera argues that the seriousness of his offense is overstated because U.S.S.G. § 2L1.2 lacks an empirical basis and double counts criminal history.  We have consistently rejected this argument.  *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011)*; United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).  Further, as he acknowledges, Campos-Cabrera's argument that he deserved a lesser sentence based upon the disparity in fast track early disposition programs is foreclosed by *United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 & n.4 (5th Cir. 2008).

Campos-Cabrera also contends that his guidelines range failed to account for his personal history and circumstances.  The district court listened to Campos-Cabrera's arguments for a lesser sentence but found that a sentence at the bottom of his guidelines range was appropriate.  Campos-Cabrera has not

shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See Cooks,* 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is DENIED. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary.