**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2012

No. 11-50719
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO FRANCISCO LOPEZ-VASQUEZ, also known as Francisco Lopez-Vasquez, also known as Francisco Alejandro Lopez-Vasquez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-319-1

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alejandro Francisco Lopez-Vasquez appeals the 46-month within-guidelines sentence imposed following his conviction for illegal reentry after deportation. Lopez-Vasquez challenges only the substantive reasonableness of his sentence, arguing that his sentence is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a). He challenges the application of U.S.S.G. § 2L1.2 in calculating his guidelines range because he asserts that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the guideline is not empirically based and double counts his prior conviction. He also contends that the district court failed to account for his personal circumstances and the circumstances of this offense. He further argues that the recommended advisory range was excessive because it failed to consider the disparity between defendants who, like him, cannot avail themselves of a "fast track" program and defendants in other districts who can avail themselves of such a program.

Although Lopez-Vasquez filed a sentencing memorandum arguing for a downward variance, he failed to object after the imposition of his sentence. Lopez-Vasquez concedes that he failed to object to his sentence after it was imposed and that this court's review is limited to plain error. Nevertheless, he seeks to preserve for further review his contention that an objection after the imposition of sentence is not required for abuse-of-discretion review. Because Lopez-Vasquez did not object to the reasonableness of his sentence after it was imposed, review is arguably for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007)*; but see United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996). This court need not determine whether plain error review is appropriate because Lopez-Vasquez's arguments fail even under the abuse-of-discretion standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Lopez-Vasquez's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). He contends that the presumption of reasonableness should not apply because U.S.S.G. § 2L1.2 is not empirically based but concedes that his challenge is foreclosed by this court's precedent. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009).

No. 11-50719

Lopez-Vasquez's argument that the seriousness of his offense is overstated because U.S.S.G. § 2L1.2 lacks an empirical basis and double counts criminal history has been consistently rejected. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011)*; United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). Further, as he acknowledges, Lopez-Vasquez's argument that he deserved a lesser sentence based upon the disparity in fast track early disposition programs is foreclosed by *United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 & n.4 (5th Cir. 2008).

Lopez-Vasquez also contends that his guidelines range failed to account for his personal history and circumstances. The district court listened to Lopez-Vasquez's arguments for a lesser sentence but found that a sentence at the bottom of his guidelines range was appropriate. Lopez-Vasquez has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See Cooks,* 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.