**IN THE UNITED STATES COURT OF APPEALS**
    **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 27, 2012

Lyle W. Cayce
Clerk

No. 11-50778
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee

v.

PEDRO ROSALES-TRUJILLO,

                    Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-858-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pedro Rosales-Trujillo contests the within-Guidelines sentence of 77-months' imprisonment, imposed following his guilty-plea conviction for illegal reentry after deportation. Rosales challenges only the substantive reasonableness of his sentence, maintaining it is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a).

Although Rosales moved in district court for a downward variance, he failed to object after imposition of sentence. Thus, review is arguably for plain

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). *But see United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996). Our court need not determine whether such limited review is appropriate, however, because Rosales' contentions fail even under the more liberal abuse-of-discretion standard which applies, if the issue is preserved in district court, for review of the substantive reasonableness of a sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Rosales' sentence is within his advisory Guidelines sentencing range, it is presumptively reasonable. *E.g.*, *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Rosales contends the presumption of reasonableness should not apply because Guideline § 2L1.2 is not empirically based. He concedes, however, that this contention is foreclosed by our precedent. *United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009). Similarly, he concedes his contention that he deserves a lesser sentence based on the disparity in "fast track" programs is foreclosed by our precedent. *United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 & n.4 (5th Cir. 2008). He raises these two issues only to preserve them for possible further review.

Last, Rosales contends his advisory Guidelines sentencing range failed to account for his personal history and circumstances. The district court listened to Rosales' contentions but concluded that a sentence at the bottom of his advisory Guidelines sentencing range was appropriate. Although cultural assimilation can be a mitigating factor, a district court is not required to give it "dispositive weight". *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Rosales' benign reason for reentering the United States (to find work), even in conjunction with his cultural assimilation, is insufficient to rebut the presumption of reasonableness.

AFFIRMED.