# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2012

Lyle W. Cayce
Clerk

No. 11-31168
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAMS RUBEN RAMOS-CASTILLO, also known as Alexia Ortiz,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CR-78-1

Before DAVIS, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Williams Ruben Ramos-Castillo (Ramos) appeals the sentence he received following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Ramos argues that his within-guidelines 50-month sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals outlined in 18 U.S.C. § 3553(a). He asserts that the district court should have sentenced him below the guidelines range of imprisonment because the unlawful reentry Guideline is not empirically based and effectively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

double counts a prior conviction and because his individual characteristics warranted a lower sentence.

The substantive reasonableness of a sentence is reviewed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Although Ramos argued for a downward variance, he failed to object after the imposition of his sentence, such that review is arguably for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *but see United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996). This court need not determine whether plain error review is appropriate because Ramos's arguments fail even under the abuse-of-discretion standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Ramos's arguments regarding the reentry Guideline are foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). Further, he has not rebutted the presumption of reasonableness that applies to his within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.