**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2012

Lyle W. Cayce
Clerk

No. 12-50183
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALVARADO, also known as Jose Alverado,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-922-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Alvarado appeals the sentence he received following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Alvarado argues that his bottom of the guidelines range sentence of 41 months is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals outlined in 18 U.S.C. § 3553(a). He asserts that the district court should have sentenced him below the guidelines range of imprisonment because the unlawful reentry Guideline is not empirically based and effectively double counts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a prior conviction and because his individual characteristics and the nature of the instant offense warranted a lower sentence.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Although Alvarado argued for a downward variance, he failed to object after the imposition of his sentence, such that review is arguably for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). *But see United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996). We need not determine whether plain error review is appropriate because Alvarado's arguments fail even under the abuse-of-discretion standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Alvarado's arguments regarding the reentry Guideline are foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). We are not persuaded by the argument that the sentence is unreasonably long because illegal reentry into the United States after removal is no more than a trespassory offense. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). The district court heard, considered, and rejected Alvarado's arguments for a sentence below the guideline range. Alvarado has not rebutted the presumption of reasonableness that applies to his within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.