# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2012

Lyle W. Cayce
Clerk

No. 11-51192 c/w No. 11-51193
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIAS HERNANDEZ-MARTINEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1537-1
USDC No. 3:06-CR-956-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:*

Elias Hernandez-Martinez pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326. The district court sentenced him to 46 months of imprisonment, which was within the guidelines range of 41-51 months. The court also revoked Hernandez-Martinez's probation on a prior conviction and imposed a concurrent sentence of 10 months. Hernandez-Martinez now appeals.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez-Martinez challenges only the substantive reasonableness of his sentence, arguing that his sentence is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a). He challenges the application of U.S.S.G. § 2L1.2 in calculating his guidelines range because he asserts that the guideline is not empirically based and double counts his prior conviction. He also contends that the district court failed to account for his personal circumstances and the circumstances of this offense. Specifically, he argues that his offense was not violent and that it was, at most, international trespass. He also cites to the facts that he was culturally assimilated and returned to the United States to be with his family.

Although Hernandez-Martinez argued for a downward variance, he failed to object after the imposition of his sentence. Hernandez-Martinez concedes that he failed to object to his sentence after it was imposed and that this court's review is limited to plain error. Nevertheless, he seeks to preserve for further review his contention that an objection after the imposition of sentence is not required for abuse-of-discretion review. Because Hernandez-Martinez did not object to the reasonableness of his sentence after it was imposed, review is arguably for plain error. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007); but see United States v. Flanagan, 87 F.3d 121, 124 (5th Cir. 1996). This court need not determine whether plain error review is appropriate because Hernandez-Martinez's arguments fail even under the abuse-of-discretion standard of review. See United States v. Rodriguez, 523 F.3d 519, 525 (5th Cir. 2008).

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Because Hernandez-Martinez's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. See United States v. Cooks, 589 F.3d 173, 186 (5th Cir. 2009).

Hernandez-Martinez's argument that the seriousness of his offense is overstated because U.S.S.G. § 2L1.2 double counts his criminal history has been consistently rejected. See United States v. Rodriguez, 660 F.3d 231, 232-33 (5th Cir. 2011); United States v. Duarte, 569 F.3d 528, 529-30 (5th Cir. 2009). Similarly, we have not been persuaded by the contention that the Guidelines fail to account for the nonviolent nature of an illegal reentry offense. See United States v. Aguirre-Villa, 460 F.3d 681, 683 (5th Cir. 2006).

The district court listened to Hernandez-Martinez's arguments for a lesser sentence but found that a sentence within the guidelines range was appropriate. His contentions regarding his cultural ties and his benign motive for reentry do not rebut the presumption of reasonableness. See United States v. Gomez-Herrera, 523 F.3d 554, 565-66 (5th Cir. 2008); United States v. Lopez-Velasquez, 526 F.3d 804, 807 (5th Cir. 2008). Thus, Hernandez-Martinez has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. See Cooks, 589 F.3d at 186.

Finally, Hernandez-Martinez raises no claims of error with respect to the revocation proceeding or the revocation sentence. Thus, he has abandoned any issues on appeal regarding the revocation judgment. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the judgment of the district court in No. 11-51192 and the Order Revoking Probation in No. 11-51193 are AFFIRMED.