# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 6, 2012

Lyle W. Cayce
Clerk

No. 11-51124
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUADALUPE ALCANTARA-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-43-1

Before JOLLY, BENAVIDES, and DENNIS, and Circuit Judges.

PER CURIAM:[*]

Guadalupe Alcantara-Garcia appeals the 46-month within-guidelines sentence imposed in connection with his conviction for illegal reentry following deportation. Alcantara-Garcia challenges only the substantive reasonableness of his sentence, arguing that it is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a). He challenges the application of U.S.S.G. § 2L1.2 in calculating his guidelines range because he asserts that the guideline is not empirically based, double counts his prior conviction, and fails

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to account for the nonviolent nature of his offense, which he asserts is, at most, international trespass. Also, Alcantara-Garcia contends that the conviction used to enhance his sentence was more than ten years old and he would not have received as great an increase in offense level based on the 2011 amendments to U.S.S.G. § 2L1.2(b). Further, he asserts that the district court failed to account for his personal circumstances and the circumstances of this offense. Specifically, he notes that he has suffered from poverty and lack of education and that he returned to the United States only to find employment.

Although Alcantara-Garcia argued for a downward variance, he failed to object after the imposition of his sentence. Alcantara-Garcia concedes that he failed to object to his sentence after it was imposed and that this court's review is limited to plain error. Nevertheless, he seeks to preserve for further review his contention that an objection after the imposition of sentence is not required for abuse-of-discretion review. Because Alcantara-Garcia did not object to the reasonableness of his sentence after it was imposed, review is arguably for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007)*; but see United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996). This court need not determine whether plain error review is appropriate because Alcantara-Garcia's arguments fail even under the abuse-of-discretion standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Alcantara-Garcia's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). Alcantara-Garcia challenges the presumption of reasonableness applied to his sentence but acknowledges the issue is foreclosed and raises it to preserve the issue for further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-367 (5th Cir. 2009).

No. 11-51124

Hernandez-Martinez's argument that the seriousness of his offense is overstated because U.S.S.G. § 2L1.2 double counts his criminal history has been consistently rejected. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011)*; United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). Similarly, we have not been persuaded by the contention that the Guidelines fail to account for the nonviolent nature of an illegal reentry offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court did not err in imposing the guidelines in effect at the time of Alcantara-Garcia's sentencing. *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). With respect to the age of the prior conviction that was used to enhance Alcantara-Garcia's offense level, "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable," nor does it "destroy the presumption of reasonableness that attaches to such sentences." *Rodriguez*, 660 F.3d at 234.

The district court listened to Alcantara-Garcia's arguments for a lesser sentence but found that a sentence within the guidelines range was appropriate. His contentions regarding his mitigating factors and benign motive for reentry do not rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Thus, Alcantara-Garcia has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See Cooks,* 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.