**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2012

Lyle W. Cayce
Clerk

No. 12-50099
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DANIEL JUAREZ-OLVERA, also known as Jose Juan Juarez-Olvera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-744-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Daniel Juarez-Olvera appeals the 21-month within-guidelines sentence imposed in connection with his conviction for illegal reentry following deportation. Juarez-Olvera challenges only the substantive reasonableness of his sentence, arguing that it is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a). He challenges the application of U.S.S.G. § 2L1.2 in calculating his guidelines range because he asserts that the guideline is not empirically based and overstates his criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history.  Further, he asserts that the district court failed to account for his personal circumstances.  Specifically, he notes that he returned to the United States only to make money to support his ill daughters.

Although Juarez-Olvera argued for a downward variance, he failed to object to the reasonableness of the sentence imposed.  Juarez-Olvera concedes that he failed to object to his sentence after it was imposed and that our review is limited to plain error.  Nevertheless, he seeks to preserve for further review his contention that a reasonableness objection on the imposition of sentence is not required for abuse-of-discretion review.  As Juarez-Olvera did not object to the reasonableness of his sentence after it was imposed, review is arguably for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007)*; but see United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996).  We need not determine whether plain error review is appropriate because Juarez-Olvera's arguments fail even under the abuse-of-discretion standard of review.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Since Juarez-Olvera's sentence was within his advisory guidelines range, his sentence is presumptively reasonable.  *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).  Juarez-Olvera challenges the presumption of reasonableness applied to his sentence but acknowledges the issue is foreclosed and raises it to preserve the issue for further review.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-367 (5th Cir. 2009).

We have rejected Juarez-Olvera's argument that the seriousness of his offense is overstated because U.S.S.G. § 2L1.2 is not empirically based.  *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011)*; United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).  The district court listened to Juarez-Olvera's arguments for a lesser sentence but found that a sentence within the guidelines range was appropriate.  His contentions regarding his

mitigating factors and benign motive for reentry do not rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Thus, Juarez-Olvera has not shown sufficient reason for us to disturb the presumption of reasonableness applicable to his sentence. *See Cooks,* 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.